UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. WRIGHT,

    Plaintiff,

v.

ROCKET AUTO, LLC, et al.,

    Defendants.

Case No. 22-11574
Honorable Laurie J. Michelson

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE [02] AND SUMMARILY DISMISSING COMPLAINT [01]

After receiving a Right to Sue letter from the Equal Employment Opportunity Commission, Michael Wright filed a pro se suit against his former employer, Rocket Auto, LLC, and four of its employees.[1] (ECF No. 1.) He says that Defendants discriminated against him in violation of the Americans with Disabilities Act based on his "ADHD (undiagnosed) [and] glaucoma." (*Id.* at PageID.6.)

The complaint, however, is hard to follow. Wright checked the boxes for the following forms of discriminatory conduct: (1) failure to promote, (2) failure to accommodate, (3) unequal terms and conditions of employment, and (4) retaliation. (ECF No. 1, PageID.6.) But the fact section fails to clearly allege what Defendants

---

[1] Wright provided the Right to Sue letter with his complaint, but not the EEOC charge. (*See* ECF No. 1, PageID.11–15.) The letter is sufficient to demonstrate exhaustion of administrative remedies for purposes of initial review, but it may not be sufficient at a later stage of litigation. *See Ford v. Wendy's of Bowling Green*, No. 3:21-CV-00310, 2021 WL 2952938, at *2 n.2 (M.D. Tenn. July 14, 2021).

did to discriminate against him. (*See id.* at PageID.7, 10.) Some allegations seem relevant, including his allegation that the regional vice president of Rocket Auto told him that he "was not much at all" when Wright told her about his ADHD and his complaint that Defendants "never gave [him] a reasonable accommodation when I explained my ADHD and wanting to preview the location of the vehicle in salesforce." (*Id.* at PageID.7.) But most of Wright's allegations are not clearly relevant to his complaint of disability discrimination. (*See id.* at PageID.7–8, 10 (complaining that Defendants "forced" Wright to play bingo and charades and "turned [his mother] against him," that "a friend . . . blasted [him] on social media," and that "people" tried to scam him on Airbnb).) And the complaint provides little to no detail about the nature of Wright's disabilities, his job duties at Rocket Auto, or what Defendants allegedly did to discriminate against him beyond the factual allegations mentioned above. (*See id.*)

I.

Along with his complaint, Wright filed an application to proceed without prepayment of fees or costs. (ECF No. 2.) Under 28 U.S.C. § 1915(a)(1), the Court may authorize commencement of an action without prepayment of fees and costs if the plaintiff demonstrates that they cannot pay such fees. Wright states that he is unemployed, has limited means, and that his minimal assets are offset by over $45,000 in debt. (ECF No. 2.) The Court finds that Wright is thus entitled to proceed in forma pauperis and grants his application to proceed without prepayment of the filing fee and costs. *See* 28 U.S.C. § 1915(a)(1).

## II.

But when a Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

In deciding whether a complaint states a claim upon which relief may be granted, the Court must determine whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required to survive a motion to dismiss, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but they must "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). What is plausible is "a context-specific task" requiring this Court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. And although a pro se litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). In other words, pro se complaints "still must plead facts sufficient to show a redressable legal wrong has

3

been committed." *Baker v. Salvation Army*, No. 09-11454, 2011 WL 1233200, at *3 (E.D. Mich. 2011).

### III.

The Court will take each of Wright's claims in turn.

### A.

Wright first argues that Defendants failed to promote him because of his disability. The ADA prohibits discrimination "against a qualified individual on the basis of disability," including failing to promote someone because of their disability. *See* 42 U.S.C. § 12112(a). To make a failure-to-promote claim based on circumstantial evidence, a plaintiff must allege that (1) he is a member of a protected class; (2) he applied for and was qualified for a promotion; (3) he was considered for and was denied the promotion; and (4) an individual of similar qualifications who was not a member of the protected class received the job at the time plaintiff's request for the promotion was denied. *Gibson v. MGM Grand Detroit, L.L.C.*, 815 F. App'x 48, 54 (6th Cir. 2020); *see also Barkeley v. Steelcase, Inc.*, No. 1:07-CV-1008, 2009 WL 722601, at *7 (W.D. Mich. Mar. 17, 2009) (applying this framework in the ADA context).

Even assuming that Wright's undiagnosed ADHD and glaucoma make him a member of a protected class, he failed to state a claim for relief. Indeed, the complaint says nothing about his qualifications for a promotion, his application for a promotion, or the denial of a promotion in favor of a non-disabled person. (*See* ECF No. 1.) So this claim will be dismissed.

4

## B.

Wright next argues that Rocket Auto failed to accommodate his disability. Wright made one allegation in support of this claim: he says that "they never gave [him] a reasonable accommodation when [he] explained [his] ADHD and wanting to preview the location of the vehicle in salesforce." (ECF No. 1, PageID.7.)

The ADA requires employers to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." *See* 42 U.S.C. § 12112(b)(5)(A). To state a prima facie failure-to-accommodate claim, a plaintiff must allege that (1) he was disabled within the meaning of the ADA; (2) he was otherwise qualified for his position, with or without reasonable accommodation; (3) the defendant knew or had reason to know about his disability; (4) he requested an accommodation; and (5) the defendant failed to provide the necessary accommodation. *See Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 839 (6th Cir. 2018).

Wright has not adequately pled a failure-to-accommodate claim. For starters, the sentence above is the full extent of the relevant allegations in the complaint. In other words, Wright does not provide any information about whether he was otherwise qualified for his position or about the reasonableness of the requested accommodation. Additionally, without more information about the nature of Wright's job, the extent of his disabilities, and what "wanting to preview the location of the vehicle in salesforce" means, the Court cannot even make reasonable inferences in Wright's favor about the circumstances of his request for an accommodation.

5

So this claim, too, will be dismissed. *See Iqbal*, 556 U.S. at 678 (holding that the Federal Rules "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

## C.

Next, Wright alleges that Defendants discriminated against him in the terms and conditions of his employment. The ADA prohibits such discrimination. *See* 42 U.S.C. § 12112(a). To state a claim, a plaintiff must allege—among other things—that the defendant took an "adverse employment action against him" because of his disability. *See Babb v. Maryville Anesthesiologists P.C.*, 942 F.3d 308, 319 (6th Cir. 2019) (noting that this requirement applies to both direct and circumstantial theories of liability). An adverse employment action is one that results in "a materially adverse change in the terms and conditions of [a plaintiff's] employment." *Spees v. James Marine, Inc.*, 617 F.3d 380, 391 (6th Cir. 2010) It must be something more than a "bruised ego[,] . . . a mere inconvenience[,] or an alteration of job responsibilities." *Id.* (internal quotations omitted). Instead, adverse employment actions are typically marked by a "significant change in employment status," including "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Id.* (quoting *Burlington Indus. v. Ellerth,* 524 U.S. 742, 761 (1998)).

Wright failed to allege that he suffered an adverse employment action. Indeed, Wright did not check the box for discriminatory termination, and the complaint says nothing about other potential changes to the terms and conditions of employment

6

after Wright informed Defendants of his disabilities. (*See* ECF No. 1, PageID.7.) So there is nothing to suggest that Defendants subjected Wright to unequal terms and conditions of employment. *See Bridgeman v. City of Bedford Heights*, No. 1:19-CV-3002, 2020 WL 1930116, at *5 (N.D. Ohio Apr. 21, 2020) (dismissing ADA discrimination claim when a pro se plaintiff did "not allege any facts from which the Court may reasonably infer that defendants . . . took an adverse employment action against her on the basis of her disability").

True, the allegation that the regional vice president of Rocket Auto said that Wright "was not much at all" when he told her about his ADHD is troubling. (*Id.* at PageID.7.) But without more information, it is difficult to see what harm this one-time statement caused beyond a "bruised ego." *See Spees*, 617 F.3d at 391. In other words, without any information about the context of this conversation or the relationship between the regional vice president and Wright, the Court cannot make additional inferences about the relevance of her potential discriminatory animus. *See Sharp v. Aker Plant Servs. Grp., Inc.*, 726 F.3d 789, 798 (6th Cir. 2013) (noting that assessing the relevancy of a potentially discriminatory remark requires considering whether the speaker was the plaintiff's supervisor, whether the speaker was the decisionmaker for an adverse action, and the substance of the statement).

Because Wright failed to allege that he suffered an adverse employment action due to his disability, the Court will dismiss this claim as well.

### D.

Finally, Wright alleges that he was a victim of retaliation. The ADA says that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA]." 42 U.S.C. § 12203(a). To state a retaliation claim, the plaintiff must plausibly allege that: (1) he engaged in protected conduct under the ADA; (2) his employer had knowledge of the protected activity; (3) the employer thereafter took an employment action adverse to him; and (4) there was a causal connection between the protected activity and the adverse employment action. *Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014).

Though he never identifies it as such, the Court will assume that Wright's protected activity was requesting an accommodation for his disability. *See Lisan v. Wilkie*, 835 F. App'x 831, 834 (6th Cir. 2020) ("Lisan engaged in the protected activit[y] of requesting a reasonable accommodation[.]"). Even so, this claim fails for the same reason as the previous claim: Wright did not allege that he suffered an adverse employment action. (*See* ECF No. 1.) And because there is no adverse employment action, there cannot be a connection between his protected activity and the adverse employment action.

So Wright has not stated a colorable ADA retaliation claim, and the claim will be dismissed.

### IV.

In sum, even with the benefit of liberal construction, Wright's sparse and conclusory allegations are insufficient to state a claim for relief. Accordingly, the

8

Court GRANTS Wright's motion to proceed in forma pauperis (ECF No. 2) and DISMISSES his complaint (ECF No. 1) without prejudice. A separate judgment will follow.

SO ORDERED.

Dated: August 1, 2022

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE